UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**HOLLOMAN CORPORATION**     **PLAINTIFF**

**VS.**     **No.3:21-cv-214-MPM-RP**

**C-4 CONSTRUCTION, LLC**

**CONSOLIDATED WITH**

**HOLLOMAN CORPORATION**     **PLAINTIFF**

**VS.**     **No. 3:21cv215-MPM-RP**

**JUSTIN A. COWAN**     **DEFENDANT**

## ORDER

This court has reviewed the allegations of this lawsuit and of *Holloman Corporation v. C-4 Construction, LLC*, Civil Action No. 3:21cv214-MPM-RP (the "C-4 Lawsuit"), which is also pending before it. Having done so, this court finds that the two lawsuits arise from the same set of operative law and facts and should be consolidated. *See 8 Smith v. Normand Children Diversified Class Tr.,* 122 So. 3d 1234, 1238 (Miss. Ct. App. 2013) (noting that "there is another option available when multiple cases are filed involving the same operative questions of law or fact, one that can be employed even when there are different parties: consolidation."). That is, this court agrees with defendant that although the C-4 Lawsuit may contain additional causes of actions and facts than those alleged in this lawsuit against Mr. Cowan, the two actions nonetheless encompass the very same allegations regarding Mr. Cowan's alleged breach of a personal guarantee. Indeed, the complaint in the C-4 lawsuit specifically alleges that "C-4 and Mr. Cowan are jointly and severally responsible for the payments due or which may become due

under the Vulcan Credit Agreement," [C-4 complaint at 10] and this court concludes that considerations of judicial economy favor trying the two claims together.

In light of the foregoing, defendant's motion [21-1] to dismiss or consolidate this action with the C-4 lawsuit is granted in part,[1] and his motion to stay this action [24-1] pending ruling upon the motion to consolidate is dismissed as moot.

This, the 22nd day of February, 2022.

                                                                        /s/ Michael P. Mills
                                                                        U.S. DISTRICT COURT

---

[1] This court concludes that defendant's alternate request that this action be dismissed should be denied, since it would represent a disproportionate remedy which is not supported by sufficient authority on point.